KLEES, Judge.
Evans Cooperage Company appeals from a judgment awarding $8,000.00 in general damages to Janice Jackson for injuries she sustained while working on their premises. The issue presented is whether or not the trial court abused its discretion in awarding that particular amount of general damages to the plaintiff. Finding no abuse of discretion we affirm the award.
Janice Jackson, Appellee, was, and still is, a feed grain inspector for the Louisiana Department of Agriculture. She was injured on August 6, 1981, when a drum of grain, which had been misplaced on the weighing scale by a fork-lift operator employed by Evans Cooperage Company, fell from the scale. Jackson backed up on the weighing platform to avoid the drum and fell six to seven feet striking the ground. She then rolled under the platform to avoid the falling drum. After the danger past, several employees of Appellant aided Ap-pellee in getting up from the ground.
Jackson experienced pain in the right side of her neck, right arm, shoulder, leg and lower back. She was taken to Logan & Nelson Surgical Clinic for treatment immediately after the fall. She was treated there several times but was discharged by the doctors as fit for work on or about September 23, 1981.
Still complaining of pain, Jackson was examined by Dr. Stuart Phillips on October 13, 1981. Although no objective findings were found to substantiate her claims of pain, Dr. Phillips requested than an electro-myelogram (EMG) be performed to determine if Jackson had sustained nerve damage in the fall. She submitted to this test and on December 1, 1981, Dr. Phillips told her that the test was negative for nerve damage. Jackson, however, complained that she was still experiencing pain. The pain consisted of soreness, aching and stiffness. Dr. Phillips prescribed medication for her pain and requested that she increase her activity.
Jackson testified that due to financial reasons she returned to work fulltime without her doctor’s approval. She informed Dr. Phillips of this on December 1, 1981. He testified that he understood her plight but that she was only to perform light work.
Jackson further testified that she needed help to perform her household chores. She could only do things such as light dusting and washing dishes. Her mother and neighbor would come and help her with the heavy cleaning.
Dr. Phillips diagnosed the injury as a moderate cervical column strain. He testified that Jackson had no spasms, tenderness or other symptoms of pain in the area she claimed was injured. He relied only on the fact that she told him she was in pain. Following the visit on December 1, 1981, Dr. Phillips advised Appellee to increase her activities. She was discharged by him on July 15, 1982 when she was no longer complaining of pain.
The Trial Court awarded Appellee $8,000.00 in general damages and $1,089.50 in medical expenses subject to a credit of $709.50 which had previously been paid. Did the Trial Court abuse its discretion in awarding that amount of general damages?
Louisiana Civil Code Article 1934(3) allows the trial court to award damages for offenses, quasi-offenses and contracts. *701 Under this rule, the amount of damages assessed by the judge or jury should not be disturbed unless the reviewing court’s examination of the facts reveals a clear abuse of the discretion vested in the trial court. Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127, 132 (La.1967).
The record must then clearly reveal that the trier of fact abused its much discretion in making its award. Only after making that determination can this Court, as the reviewing court, disturb the award and then only to the extent of lowering it or raising it to the highest or lowest point which is reasonably within the discretion afforded this Court. It is never appropriate simply to decide what this Court considers an appropriate award on the basis of the evidence. Coco v. Winston Industries, 341 So.2d 332 (La.1976).
Expanding the principles in Coco, supra, before the trial court award may be questioned as inadequate or excessive, this Court must look first, not to prior awards, but to the individual circumstances peculiar to this case and this individual. The prior awards may serve as an aid in the determination of the sufficiency of the award only where the present award is shown to be greatly disproportionate to the mass of past awards for truly similar injuries. After an articulated analysis of the facts discloses an abuse of discretion, the award may on review by this Court, for articulated reason, be considered either excessive or insufficient. Reck v. Stevens, 373 So.2d 498 (La.1979).
The trier of fact had the opportunity to view Jackson and to listen to her story. It was he who determined that, based upon the facts as presented to him, the award of $8,000.00 in general damages was sufficient to fully compensate this plaintiff for her injuries.
Jackson experienced a traumatic fall while in the course and scope of her employment. It took nearly a year to recover from her injuries. She returned to work for financial reasons before she was completely healed. She continued to use her injured muscles both at home and at work although she was experiencing pain. Every visit to the doctor she complained of pain. The Trial Court took all this into consideration when it determined the amount of its award. This amount is not so great as to be an abuse of discretion of the trial court. We will not, then, disturb its award.
For the foregoing reasons, the judgment of the Trial Court is AFFIRMED. Costs of this appeal to be paid by Appellant.
AFFIRMED.